## Philadelphia Company for Guaranteeing Mortgages, Trustee, Appellant, *v.* Guaranty Realty Co. et al.

*Taxation — Corporations — Debt — Mortgage bonds—Return to State—Acts of June 17, 1913, P. L. 507, and July 15, 1919, P. L. 955.*

Under section 17 of the Act of June 17, 1913, P. L. 507, as amended by the Act of July 15, 1919, P. L. 955, a domestic corporation must make return of and pay to the State, the four mills tax on its outstanding bonds, if they are held by residents of the Commonwealth, even though secured by mortgages on the corporate property; the holders of such bonds are not required to make return of, and pay to the county, the tax on them.

Argued May 10, 1922. Appeal, No. 401, Jan. T., 1922, by plaintiff, from judgment of Superior Court, Oct. T., 1921, No. 53, affirming judgment of C. P. No. 3, Phila., Co., Sept. T., 1920, No. 1359, for defendant on case-stated in suit of Philadelphia Company for Guaranteeing Mort-

gages, Trustee, v. Guaranty Realty Co., and the Commonwealth of Pennsylvania. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Appeal from Superior Court.
The opinion of the Supreme Court states the facts.
Judgment affirmed. Plaintiff appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* with him *Joseph A. Lamorelle,* for appellant.

*L. Pearson Scott,* with him *Harry C. Kohlhas, Jr., Louis J. Bergson, Geo. Ross Hull,* Deputy Attorney General, and *Geo. E. Alter,* Attorney General, for appellee.

OPINION BY MR. JUSTICE SIMPSON, June 24, 1922:
A case-stated was filed in the court of common pleas, setting forth that plaintiff and defendant were domestic corporations; that the latter owned a property, subject to a mortgage of $140,000 held by the former and given to secure the payment of 280 bonds of $500 each; that when interest fell due upon the mortgage debt, defendant deducted the four mills tax provided by the Act of June 17, 1913, P. L. 507, and its amendment of July 15, 1919, P. L. 955, averring that, under the latter statute, it was required, as a private corporation of this State, to retain the amount of the tax and make return thereof and pay it to the Commonwealth.

Antagonizing this contention, plaintiff alleged it alone was liable for the tax, which was payable to the county under section 1 of the Act of 1913, and the case-stated was filed for the purpose of obtaining a judicial determination of the question. The court of common pleas entered judgment for defendant, the Superior Court af-

firmed and from the judgment of the latter we allowed this appeal.

The question thus raised we have considered and decided adversely to appellant in our opinion in Commonwealth of Pennsylvania v. Megargee Bros., Incorporated, filed herewith [the preceding case].

The judgment of the Superior Court is affirmed.